**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNIOR EXAVEAU, | No.    17-72470 |
| Petitioner, | Agency No. A209-869-312 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2020[**]

Before:      GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Junior Exaveau, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We grant in part, deny in

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part, dismiss in part, and remand for further proceedings.

Our review is limited to those grounds the BIA relied on in rendering its decision. *Santiago–Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011); *cf. Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (explaining that we "cannot affirm the BIA on a ground upon which it did not rely" (internal quotation marks omitted)). Our review is limited to the BIA's decision except to the extent that it adopted the IJ's decision. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n.3 (9th Cir. 2004). We must uphold the agency's factual findings "'if supported by reasonable, substantial, and probative evidence on the record considered as a whole,' and we will reverse only if a reasonable fact-finder would have been compelled to reach a different conclusion." *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992)).

Exaveau challenges the finding that he firmly resettled in Brazil before entering the United States and the BIA's denial of his asylum claim based on this threshold determination. *See* 8 U.S.C. § 1158(b)(2)(A)(vi) (codifying mandatory firm-resettlement bar). We agree with Exaveau that substantial evidence does not support the finding of firm resettlement. Only an offer of permanent, not temporary, residence supports a finding of firm resettlement. *Ali v. Ashcroft*, 394 F.3d 780, 789–90 (9th Cir. 2005). Exaveau repeatedly testified and claimed in his asylum application that he obtained temporary residence in Brazil lasting ten years.

We therefore grant Exaveau's petition insofar as it challenges the BIA's finding of firm resettlement. We remand for the BIA to consider the merits of Exaveau's asylum claim.

Exaveau also challenges the finding that the Haitian government is willing and able to control the alleged agent of Exaveau's persecution—a gang—and the BIA's denial of his withholding-of-removal claim based on that finding. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (applying three-part test for withholding-of-removal and asylum claims, which requires establishing (1) persecution, (2) based on a statutorily protected ground, (3) committed by the government or forces the government is unwilling or unable to control), *overruled in part on other grounds by Bringas–Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017). Substantial evidence supports the BIA's finding: The Haitian police appear to have arrested seven members of the gang that allegedly attacked Exaveau, intervened after the gang harassed Exaveau at work, and provided Exaveau with a copy of a police report and told him to come back to the station for follow-up. None of the evidence Exaveau relies on—including that the gang harassed him and may have killed his brother even after the police investigated the attack on Exaveau—taken in the broader context of the police response compels a reasonable factfinder to reach a different conclusion. We therefore deny Exaveau's petition to the extent it seeks review of the BIA's denial of withholding of removal.

17-72470

We do not review Exaveau's CAT claim, because he did not appeal the IJ's denial of it to either the BIA or to us. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). And we dismiss Exaveau's due process claim because he also failed to exhaust administrative remedies by neglecting to raise it with the BIA, thereby again depriving us of jurisdiction to consider it. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]e may not entertain due process claims based on correctable procedural errors unless the alien raised them below.").

**GRANTED in part, DENIED in part, DISMISSED in part, and REMANDED.**